IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sammy L. Anderson, | ) C/A No. 0:10-1690-CMC-PJG |
| Plaintiff, | ) |
| vs. | ) |
| Deputy Gene Brock;<br>Officer Kenneth L Washington;<br>Atty David Plowden;<br>Atty Scott D. Robinson;<br>Atty Beattie B. Ashmore;<br>US Assistant Prosecutor Isaac Johnson Jr.;<br>Judge Wlm Catoe;<br>Judge G. Ross Anderson Jr.;<br>Probation Officer Melissa G. Anderson, | ) **REPORT AND**<br>) **RECOMMENDATION** |
| Defendants. | ) |

The Plaintiff, Sammy L. Anderson ("Plaintiff"), who is self-represented, brings this action pursuant to 42 U.S.C. § 1983/<u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff, who files this action *in forma pauperis* under 28 U.S.C. § 1915, indicates that he is a former inmate of Federal Correctional Institution ("FCI") Estill. Plaintiff states that he is now on house arrest. The Complaint names federal judges, a federal prosecutor, defense attorneys and a probation officer as Defendants[1] Having reviewed the Complaint in accordance with applicable law,

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Page 1 of 11



the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Estelle v. Gamble, 429 U.S. 97 (1976); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

## BACKGROUND

The Complaint states that "Deputy Gene Brock and Officer Ken Washington were the two who filed a false report alleging that [Plaintiff] was trafficking cocaine and

---

[2]Screening pursuant to § 1915A is subject to this standard as well.



conspiring to distribute cocaine." (Compl., Docket Entry 1 at 5.)  Plaintiff states that while these two individuals were not present during Plaintiff's arrest, Defendant Washington submitted a questionable supplemental incident report and Defendant Brock prepared an investigative report containing "numerous descriptive errors."  (Id.)

In August of 2000, Plaintiff was "taken to Federal District Court in Greenville," where Assistant Prosecutor Isaac Johnson, Jr. "read the report of charges filed by Deputy Gene Brock and Ken Washington."  (Id.)  Judge William Catoe presided at Plaintiff's hearing, where David Plowden was assigned as Plaintiff's defense attorney.  (Id.)  Plaintiff, who claims Defendant Plowden "was ineffective for me from the beginning," requested another attorney; however, Plaintiff's requests were "repeatedly" denied by Defendant Catoe between December of 2000 and February of 2001.  (Id. at 6.)

Plaintiff states that his family then hired attorney Scott D. Robinson to represent him.  However, Defendant Robinson met with Plaintiff "about 10 minutes before we were to appear before Judge G. Ross Anderson, Jr." and "was just as incompetent."  (Id.)  Plaintiff indicates he entered a guilty plea on March 5, 2001, because Defendant Isaac Johnson told Plaintiff, " 'If you don't plead guilty, you will do 40 years and not get to see your wife and kids.' " (Id.)  On June 21, 2001, Plaintiff again appeared before Defendant Judge G. Ross Anderson, Jr. and "fired Atty. Scott D. Robinson." (Id.)  Plaintiff was then appointed attorney Beattie Ashmore on July 6, 2001, whom Plaintiff describes as "the third ineffective counsel."  (Id.)  Plaintiff states he received a sentence of ninety (90) months, and that his requests for an appeal and new lawyer were denied.  (Id. at 7.)  Plaintiff was "then transferred to Estill Federal Institution to begin serving time.  Now as of May 3, this

year I have been on house arrest." (Id.) Plaintiff seeks monetary damages for the Defendants' actions. (Id. at 8.)

## DISCUSSION

Plaintiff is bringing suit against several federal employees. As such, his constitutional claims are evaluated under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. See Carlson v. Green, 446 U.S. 14,18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820, n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994); Bolin v. Story, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); Campbell v. Civil Air Patrol, 131 F. Supp. 2d 1303, 1310, n.8 (M.D. Ala. 2001) ("the court shall refer interchangeably to cases" decided under both § 1983 and Bivens.)

As an initial matter, Plaintiff has named several defendants that are immune from suit under § 1983/Bivens. Defendants William Catoe and G. Ross Anderson, Jr., both federal judges, have absolute immunity from a claim for damages arising out of their judicial actions. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226, 231 (1991) (immunity presents a threshold question which should be

resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). In the instant action, Judges Catoe and Anderson are named for rulings made during Plaintiff's federal criminal hearings. As such, these two defendants are immune from suit and should be summarily dismissed from this action.

Likewise, Defendant Isaac Johnson, Jr., a federal prosecutor, is protected from suit by prosecutorial immunity. In the case of Imbler v. Pachtman, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." See also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). Plaintiff alleges that he entered a guilty plea to his criminal charges, because he felt threatened by Defendant Johnson. However, Defendant Johnson's actions regarding Plaintiff's plea negotiations are intimately associated with the criminal process; therefore, Plaintiff's claims regarding Defendant Johnson's prosecution of his criminal case are barred from suit under § 1983/Bivens.

Plaintiff also names as defendants three attorneys who represented Plaintiff during his federal criminal proceedings: David Plowden, Scott Robinson, and Beattie Ashmore. However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state/federal law when performing traditional functions as counsel. See Polk County v. Dodson, 454 U.S. 312, 317-324 & nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn.2-3 (4th Cir. 1980) (court-appointed attorney);



Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). All of Plaintiff's claims against Defendants Plowden, Robinson, and Ashmore stem from their alleged ineffective assistance during Plaintiff's criminal case. As such, these three defendants are not federal actors amenable to suit under § 1983/Bivens.

Plaintiff further alleges that Defendants Brock and Washington "filed a false report" against him. As these officers were not present during the arrest, it appears Plaintiff is alleging a malicious prosecution claim against these Defendants. See Heck v. Humphrey, 512 U.S. 477, 484(1994) ("The common-law cause of action for malicious prosecution provides the closest analogy to claims of the type considered here because, unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to legal process"); Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 182 (4th Cir. 1996) ("[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause . . . are analogous to the common-law tort of malicious prosecution"); Meadows v. Feldman, No. 7:03-CV-00101-SGW, 2003 WL 24180193, at *3 (W.D.Va. Dec.16, 2003) (unpublished) ("To the extent that Meadows alleges . . . [an arrest] pursuant to a warrant not supported by probable cause, the court treats Meadows' false arrest claim as a malicious prosecution claim founded on a Fourth Amendment seizure").

If the Fourth Amendment to the United States Constitution encompasses a malicious prosecution claim, then it may be cognizable under § 1983/Bivens. See Wallace v. Kato, 549 U.S. 384, 390 n.2 (2007). However, one element of a malicious prosecution claim is that the criminal proceedings have terminated in the plaintiff's favor. Id. at 392 (citing Heck v. Humphrey, 512 U.S. 477 (1994)); Brooks v. City of Winston-Salem, 85 F.3d



178 (4th Cir. 1996). Plaintiff has not alleged that the federal criminal charges against him have been resolved in his favor. As Plaintiff fails to establish a requisite element of a malicious prosecution claim, he fails to state a cognizable Fourth Amendment claim for malicious prosecution.

Further, the United States Supreme Court, in Heck v. Humphrey, stated that when a prisoner seeks damages in a civil rights action, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. A finding that Plaintiff's federal conviction and sentence are based on a "false report" would imply the invalidity of that conviction. As indicated above, Plaintiff has not provided any facts to demonstrate that his federal conviction has been invalidated. Therefore, Plaintiff's claim for damages regarding his federal conviction and sentence is also barred by Heck.[3] See Poston v. Shappert, No. 06-8052, 2007 WL 1031695 (4th Cir. March 30, 2007) (§ 1983 and Bivens claims challenging underlying criminal conviction barred by Heck); Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996) (federal prisoner's challenge to the means used to arrest and convict him barred by Heck); Stephenson v. Reno, 28 F.3d 26, 28 (5th Cir. 1994) (federal prisoner seeking damages

---

[3] It is noted that Heck's favorable termination requirement is inapplicable in false arrest cases filed by pre-trial detainees. See Wallace v. Kato, 549 U.S. 384, 393 (2007); Bristol v. Kirkland Corr. Inst., C/A No. 8:09-43-TLW-BHH, 2009 WL 2182172 (D.S.C. July 21, 2009) (noting that Heck does not apply in the context of claims of unconstitutionality in *on-going* criminal cases).

resulting from investigation, conviction and sentence could not bring a Bivens claim until prisoner's conviction was "declared invalid or otherwise impugned as set out in Heck").

Finally, Plaintiff lists Probation Officer Melissa G. Anderson in the Complaint's caption and on a separate page entitled "Defendant Listing," but provides no factual allegations against this individual in the body of the pleading. (See Compl., Docket Entry 1 at 1, 9.) The Complaint's general claims, absent any personal allegations against this Defendant, are insufficient to state a claim under § 1983/Bivens. A Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. 1937, 1948 (2009). As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 1949. Indeed, the dissent in Iqbal opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." Id. at 1957 (Souter, J., dissenting).[4] When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. See Hinton v. Dennis, 362 Fed. Appx. 904, 907 (10th Cir. 2010) (unpublished) (affirming dismissal of a defendant where the defendant's name appeared

---

[4] The court notes that even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates).



in the caption but the plaintiff failed to make any factual allegations against this person or even identify the defendant's role in his claim); Karafiat v. O'Mally, 54 Fed. Appx. 192, 193 (6th Cir. 2002) (unpublished) (affirming the district court's dismissal of the complaint pursuant to § 1915(e)(2) in part because the plaintiffs failed to mention any of the named defendants, except one, in the body of their complaint); Whaley v. Hatcher, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008) (unpublished) (holding that the plaintiff failed to state a claim against a defendant whose name solely appear in the caption of the complaint and plaintiff failed to allege any personal conduct or policy by the defendant regarding the incidents alleged in the complaint).

As the Supreme Court recently stated in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009),

> the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions[s]" devoid of "further factual enhancement."

Id. at 1949 (citations omitted); see also Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995); Adams v. Rice, 40 F.3d 72 (4th Cir. 1994); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief, Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003), and this court is not required to develop tangential claims from scant assertions in the complaint. See Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985). As the Complaint fails to state a claim

Page 9 of 11

*PJG*

upon which relief may be granted regarding Defendant Melissa Anderson, this defendant is also entitled to summary dismissal from the case.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 28, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).